Kelly Harold WILSON, Petitioner–
Appellant,

v.

J.W. FAIRMAN, Jr., Warden; et
al., Respondents–Appellees.

No. 04–16019.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Submission Vacated Oct. 24, 2005.

Resubmitted Jan. 20, 2006.

Eric M. Weaver, Esq., Law Offices of
Eric M. Weaver, Albany, CA, for Petition-
er—Appellant.

Brian Means, Erik R. Brunkal, Justain
P. Riley, Sacramento, CA, for Respon-
dents—Appellees.

Before: WALLACE, TROTT, and
RYMER, Circuit Judges.

## MEMORANDUM *

Kelly Harold Wilson appeals from the
district court's denial of his 28 U.S.C.
§ 2254 habeas petition. We affirm.

The court of appeal's decision that
Wilson was not subjected to custodial in-
terrogation in violation of *Miranda v. Ari-
zona,* 384 U.S. 436, 86 S.Ct. 1602, 16

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

of this circuit except as provided by 9th Cir.
R. 36–3.

L.Ed.2d 694 (1966), did not involve an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). The court reasonably concluded that the officers' comments making clear their belief that Wilson was guilty would not have "affected how a reasonable person in [Wilson's] position would perceive his ... freedom to leave." *Stansbury v. California*, 511 U.S. 318, 325, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam); *see also Oregon v. Mathiason*, 429 U.S. 492, 495–96, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam). Although the officers' refusal to answer some of Wilson's questions on the ground that they were "in control," as well as their denials of Wilson's requests to smoke and hear from Wilson's girlfriend, weigh in favor of a determination that Wilson was in custody, the court of appeal's decision to the contrary was not objectively unreasonable in light of Wilson's voluntary trip to the police station, the officers' repeated advisements that he was free to leave and not under arrest, and the officers' instructions on how to exit. *See Mathiason*, 429 U.S. at 495, 97 S.Ct. 711 (noting voluntariness and advisements that suspect was free to leave as factors weighing against custody); *Yarborough v. Alvarado*, 541 U.S. 652, 124 S.Ct. 2140, 2149–50, 158 L.Ed.2d 938 (2004) (holding that the state court's application of the custody test was reasonable despite "differing indications").

■ Nor did the court of appeal unreasonably apply Supreme Court precedent in determining that the officers' alleged promises and threats did not render Wilson's confession involuntary. It was not objectively unreasonable for the court to conclude that neither the officers' statements regarding leniency, nor their comments about the potentially severe prison term Wilson faced for his crimes, caused Wilson's "will [to be] overborne at the time

he confessed." *Haynes v. Washington*, 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963) (citation and internal quotation marks omitted). Wilson's contention that his swollen eye rendered his confession involuntary finds no support in the record.

■ Finally, Wilson procedurally defaulted his objection to the trial court's exclusion of Robinson's impeachment testimony, and therefore federal habeas review of Wilson's challenge is barred. *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Contrary to Wilson's assertion, the record does not show that his counsel moved to admit testimony about the "blackmail ring" at trial.

AFFIRMED.